CHARLOTTE ANN HENDRICKS *v*. STATE OF INDIANA.

[No. 776S222. Filed January 20, 1978.]

*Thomas G. Krochta, Rice & Vanstone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

HUNTER, J. — Charlotte Hendricks, the defendant, was charged by way of information with first-degree murder. A jury trial was held after which a verdict was returned finding the defendant guilty of second-degree murder. Judgment was entered on the verdict and she was sentenced to not less than fifteen nor more than twenty-five years' imprisonment. The defendant now appeals on the ground that it was error for the trial court to have admitted in evidence, at defendant's trial, her testimony given at the previous trial of her accomplice, that testimony being allegedly an involuntary statement.

The evidence adduced at trial established that Joyce DeVillez, feeling that she had been mistreated by her husband, decided to have him killed. She contacted the defendant by telephone and arranged for this murder. Subsequent to this and other telephone conversations with the defendant, Terry Wayne Walker, an acquaintance of the defendant, shot and killed Mr. DeVillez.

While investigating this murder, telephone company records led the police to believe that the defendant was in some way involved. Robert Overby of the Evansville Police Department visited her in Roseville, Michigan on June 19, 1974. He advised her that if she cooperated she would be given consideration. The defendant that day gave a statement which

was reduced to writing. In the Roseville statement, the defendant admitted that she had received numerous telephone calls from Joyce DeVillez and that Terry Walker was staying at her home at that time. The statement reveals that she acted as an intermediary between DeVillez and Walker, but throughout the statement the defendant maintains that she was an unknowing participant and that she never took the offers seriously. On July 15, 1974, the defendant came to Evansville voluntarily at the state's expense and consented to the recording of a telephone conversation between her and DeVillez. Overby and Deputy Prosecutor Douglas Knight were present at the scene of this conversation. At trial, defendant's counsel removed all objections with respect to this statement. On July 16, the defendant testified before a grand jury, which subsequently returned an indictment against Terry Walker. Sometime previous to her grand jury testimony, the defendant was told by the deputy prosecutor that she was not being offered immunity or leniency for her cooperation and that she could be prosecuted to the full extent of the law. In December she testified at the trial of Walker; a transcript of this testimony was introduced at the defendant's trial and was read to the jury. The defendant specifies on appeal that this was error. Her testimony at Walker's trial expands upon the Roseville statement but does not conflict with it in any relevant way, in that she still maintained she was an innocent intermediary. Subsequent to the trial, the defendant was deposed by DeVillez's attorney. No argument is made with respect to this statement. At her own trial, the defendant stated that she was testifying at the Walker trial under a grant of immunity.

Prior to trial, the defendant moved to suppress all statements on the grounds they were involuntary. A hearing was held, after which the trial court denied the motion as to the deposition and the trial testimony; it deferred ruling on the others. The transcript of her trial testimony was admitted

over objection. The other statements were not offered by the state and no error with respect thereto is briefed on appeal.

In order for a confession to be admitted, whenever a question arises as to its voluntariness, the issue is controlled by the constitutional standard of voluntariness alike in both state and federal prosecutions. *Malloy* v. *Hogan*, (1964) 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. To be voluntary a confession "must not be extracted by any sort of threats or violence, nor be obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Shotwell Manufacturing Co.* v. *U.S.*, (1963) 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 quoting *Bram* v. *U.S.*, (1897) 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568; *Ashby* v. *State*, (1976) 265 Ind. 316, 354 N.E.2d 192.

A prior involuntary statement may render a second or subsequent statement inadmissible:

> "Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed."

*U.S.* v. *Bayer*, (1947) 331 U.S. 532 at 540, 67 S.Ct. 1394, 91 L.Ed. 1654 at 1660. However, a prior involuntary confession does not render subsequent statements inadmissible *per se.*

> "But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after these conditions have been removed."

*U.S.* v. *Bayer, supra,* 331 U.S. at 541, 67 S.Ct. at 1398, 91 L.Ed. at 1660. Neither does the mere advisement of *Miranda* rights necessarily purge the taint of circumstances surrounding the previous confession. *Brown* v. *Illinois*, (1975) 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416.

In order for a subsequent confession to be admissible there must be a break in the chain of events sufficient to insulate

the statement from that which went before. *Clewis* v. *Texas*, (1967) 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed. 2d 423; *Leyra* v. *Denno*, (1954) 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948. The totality of the circumstances should be reviewed in determining the admissibility of a subsequent statement, but the U.S. Supreme Court has suggested three primary factors for scrutiny: (1) the temporal proximity of the illegality and the confession; (2) the presence of intervening circumstances; and (3) the flagrancy of the official misconduct. *Brown* v. *Illinois, supra.*

In the present case only the defendant's trial testimony was admitted into evidence. This testimony occurred in December, 1974, six months after the police officer's promise that consideration would be given in exchange for her cooperation. This testimony was also five months after her grand jury testimony, previous to which the defendant was told that no immunity was being offered her. It was explained by the deputy prosecutor that the police officer's promise was given at a time when the defendant's involvement was not known to be as extensive as was later discovered. No flagrant misconduct occurred and corrective action was taken by the proper officials. It is true, as is stated by the defendant, that nowhere does the record reveal she was told her prior statements might be inadmissible against her in a court. No authority requires such a warning and its absence is only a factor among many. Even if the Roseville statement was involuntary, we believe that the previous testimony admitted against the defendant was sufficiently purged of whatever taint resulted from the circumstances surrounding the first statement. The defendant had sufficient time and freedom to reflect on her actions and was emphatically told that no immunity was offered her. This constitutes a sufficient intervening circumstance to insulate the admitted statement from the preceding events.

For the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler and Pivarnik, JJ., concur; Prentice, J., not participating.

NOTE.—Reported at 371 N.E.2d 1312.